UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

FULGENCIO RODRIGUEZ,

        Petitioner,        2:12-cv-01848-TC

       v.                FINDINGS AND
                           RECOMMENDATION

DON MILLS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, filed a petition under 28 U.S.C. § 2254 challenging his convictions for three counts of Rape in the First Degree, three counts of Sodomy in the First Degree, and nine counts or Sexual Abuse in the first Degree. After a jury found petitioner guilty of these crimes, the court sentenced petitioner to a total of 300 months imprisonment.

    Petitioner appealed his convictions, but the Oregon Court

1 - FINDINGS AND RECOMMENDATION

of Appeals affirmed without opinion and the Oregon Supreme Curt denied review. Petitioner filed a petition for post-conviction relief, but the Umatilla County Circuit Court denied relief, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner's petition in this proceeding alleges four grounds for relief. Respondent now moves to deny the petition and dismiss this proceeding on the grounds that Ground Four is procedurally defaulted and Grounds One, Two and Three were correctly denied in state court decisions entitled to deference under 28 U.S.C. § 2254(d) and (e)(1). Response to Petition (#21) p. 1.

The facts giving rise to petitioner's convictions are set forth in respondent's Response and need not be repeated here.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court,

2 - FINDINGS AND RECOMMENDATION

habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996).; see also, <u>Castillo v. McFadden</u>, 399 F.3d 993, 1000 (9th Cir. 2005); *see also*, <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999) (*per curiam*) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989); <u>Roettgen v. Copeland</u>, 33 F.3d 36, 38 (9th Cir. 1984; <u>Turner v. Compoy</u>, 827 F.2d 526, 529 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so

3 - FINDINGS AND RECOMMENDATION

because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513

4 - FINDINGS AND RECOMMENDATION

U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

In Ground Four, petitioner alleges that his trial counsel was ineffective in that he "failed to interview the brothers of the victim who could have provided both character evidence, and a motive for the victim to lie" and "failed to demurrer (sic) to the indictment where it was overbroad and did not allow petitioner an adequate defense."

Petitioner did not allege either of these claims in his PCR petition or raise them on appeal from the PCR judgment and thus did not "fairly present" them to the Oregon Supreme Court, and cannot now do so.[1] Petitioner has not establish cause and prejudice for his default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, Ground Four is procedurally defaulted and should be denied.

Under the Antiterrorism and Effective Death Penalty Act

---

[1] ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. See also ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

5 - FINDINGS AND RECOMMENDATION

of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. Williams v. Taylor, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Id.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our

6 - FINDINGS AND RECOMMENDATION

precedent.'" <u>Andrade</u>, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." <u>Andrade</u>, 538 U.S. at 75.

The <u>Andrade</u> court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous. We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." <u>Andrade</u>, 538 U.S. at 75-76.

It is not an "objectively unreasonable application of

7 - FINDINGS AND RECOMMENDATION

clearly established federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. <u>Carey v. Musladin</u>, 549 U.S. 70, 76-77 (2006).

Even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding. This is true even if the state courts do not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." <u>Miller-el v. Cockrell</u>, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. <u>Woodford v. Visciotti</u>, 537 U.S. 19 (2003) (per curiam), quoting <u>Lindh v. Murphey</u>, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. <u>Delgado v. Lewis</u>, 223 F. 3rd 976, 982 (9th Cir. 2000) ("federal habeas

8 - FINDINGS AND RECOMMENDATION

review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law.").

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997).

In Ground One, petitioner alleges that the evidence presented at his trial was insufficient to convict him of Sex Abuse because the prosecution failed to present evidence that the victim considered the inside of her mouth an "intimate" part of her body. The PCR court found that "for purposes of a Judgment of Acquittal ... a jury could reasonably infer that a 7 year olf child being kissed by an adult in a sexual manner while pornographic movies are being played, is sufficient for the jury to infer that it's an intimate part of the child..." Exhibit 103, p. 207-208.

A claim of insufficient evidence to support a conviction is governed by Jackson v. Virginia, 443 U.S. 307 (1979). Under *Jackson*, the relevant inquiry is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential

9 - FINDINGS AND RECOMMENDATION

elements of the crime beyond a reasonable doub." 443 U.S. 319. A reviewing court may set aside the verdict on the ground of insufficient evidence "only if no rational trier of fact could have agreed with the jury." Cavazos v. Smith, 132 S.Cr. 2, 4 (2011) (*per curiam*).

In addition, "on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The Federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Id.

In Oregon, Sexual Abuse I occurs when a person subjects another person to "sexual contact," and the victim is less than 14 years of age. ORS 163.427. "Sexual contact" is defined to mean "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

The victim testified that petitioner showed her pornographic movies, removed her pants, had her perform oral sex on him, had intercourse with her, and ejaculated in her presence. Under these circumstances a jury could reasonably conclude that when an adult puts his tongue into the mouth of a seven year old child, that child would consider their mouth

10 - FINDINGS AND RECOMMENDATION

to be an "intimate part" of their body. The PCR court's decision was not objectively unreasonable and is entitled to deference by this court. Moreover, I find that the decision is correct on the merits.

In Ground Two, petitioner alleges that the trial court violated his "[S]ixth Amendment right to have a jury decide all issues of material fact were (sic) denied when the judge decided factual issues relating to consecutive sentences."

In Oregon v. Ice, 555 U.S. 160 (2009) the Supreme Court upheld the Oregon statute that plaintiff claims violates his Sixth Amendment rights as follows: "The decision to impose sentences consecutively is not within the jury function that 'extends down centuries into the common law.' Instead, specification of the regime for administering multiple sentences has long been considered the prerogative of state legislatures." 555 U.S. at 168.

Thus the trial court's imposition of consecutive sentences after making appropriate findings did not violate petitioner's Sixth Amendment rights. The state court decisions on this issue are entitled to deference and correct on the merits.

In Ground Three, petitioner alleges that trial counsel was ineffective in failing to present evidence that "Jessica's does not rent pornographic videos." Petitioner contends that

11 - FINDINGS AND RECOMMENDATION

such evidence would have impeached the victim's testimony.

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

12 - FINDINGS AND RECOMMENDATION

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

In his PCR petition, petitioner alleged that trial counsel was ineffective because "despite being specifically asked to do so by petitioner, [trial counsel] failed to offer evidence that Jessica's

13 - FINDINGS AND RECOMMENDATION

did not rent pornographic movies during the time frame alleged in the indictment." Exhibit 109, p. 2. In support of that claim, petitioner offered an affidavit of Marilu Acosta, who stated that she "opened up" Jessica's Store in 1998, and did not rent pornographic videos until 2005.

The state offered the affidavit of trial counsel which stated that his files did not reflect a request by petitioner to investigate the source of the pornographic videos. Moreover, trail counsel's affidavit indicated that their discovery revealed "no information as to the source of those movies." In addition, counsel's affidavit indicated that his investigator specifically asked petitioner if anyone else should be interviewed or investigated and that petitioner had answered "no." Trial counsel further indicated that petitioner never mentioned the source of the videos and that the first time he had heard that Jessica's was the source of the videos was when the victim testified. Exhibit 119 pp. 1-3.

PCR court rejected this petitioner's ineffective assistance of counsel claim as follows: "It appears likely to me that neither the DA nor trial counsel knew there was any issue regarding the source of the videos until Petitioner raised it in his testimony on cross-examination.... I find that the version of facts presented by trial counsel in his affidavit is the most credible." Exhibit 124. Because trail counsel had no way of knowing that the source of the

14 - FINDINGS AND RECOMMENDATION

videos would be an issue at trial, the PCR court held that counsel was not ineffective in failing to investigate this issue. Exhibit 123 pp. 9-10.

Petitioner has not presented any clear and convincing evidence to controvert the PCR court findings and they are therefore presumed to be correct. 28 U.S.C. § 2254(e)(1).

In addition, I find that the PCR court's legal conclusion that petitioner's trial counsel was not constitutionally defective, is not contrary to, nor an unreasonable application of *Strickland*.

Trial counsel cannot be faulted for failing to gather evidence on a matter that he had no reason to believe would be an issue in the case. In addition, the source of the videos was of minimal significance and I find that the

The victim testified that she and petitioner would go to Jessica's, "and then [petitioner] would, like go somewhere else, and I would be like, looking at other movies, and he would go and get them [ie. the pornographic movies]." Exhibit 103, p. 94. This testimony indicates that the witness believed petitioner got the videos at Jessica's, but her testimony was certainly not definitive on that point. In any event, her lack of knowledge or mistake about where the videos came from does little to undercut her testimony that petitioner showed her the videos and sexually assaulted her. Thus, petitioner has not established "prejudice" or that the outcome of his trial would have been different if his attorney had

15 - FINDINGS AND RECOMMENDATION

investigated the issue.

I find that the PRC court's decision that petitioner's trial counsel was not ineffective under *Strickland* is reasonable and entitled to deference, and supported by the record before the court.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of Court should enter a judgment of dismissal with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).

DATED this 7 day of ~~September~~ Oct, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

17 - FINDINGS AND RECOMMENDATION